# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

JOSEPH M. JENIFER  :
    Plaintiff  :
      :
v  :  Civil Action No. RWT-06-2033
      :
CLERK OF THE COURT  :
    Defendant  :

. . . .o0o. . . .

## MEMORANDUM OPINION

The above-captioned case was initiated upon receipt of a letter from Plaintiff stating that he is suing the Clerk of this Court because no response was ever provided to a complaint he filed in July, 2006.[1]  Paper No. 1.  He further states that his previously-filed Complaint alleged that the Federal Bureau of Investigation (FBI) violated his rights because he was investigated for child molestation charges, and that Warden Sowers of Roxbury Correctional Institution assisted in the investigation.  *Id*.  For the reasons that follow, the current action must be dismissed.

Under the provisions of 28 U.S.C. § 1915(e)(2) a case "shall be dismissed at any time if the court determines that– (A) the allegation of poverty is untrue; or (B) the action or appeal– (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."   In addition, this Court is obliged by 28 U.S.C. §1915A to screen prisoner complaints and dismiss any that are frivolous, malicious or fail to state a claim upon which relief may be granted.  In deciding whether a complaint is frivolous "[t]he  district court need not look beyond the complaint's allegations . . . .  It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-723 (4th Cir.

---

[1] Although Plaintiff has filed actions in this Court in the past, there is no record of a Complaint filed in July, 2006.

1989).

      Plaintiff's claim against the Clerk is that he was not provided the names or addresses of the person or persons handling the FBI investigation against him. Paper No. 1. To the extent that Plaintiff is seeking to discover information subject to the Federal Freedom of Information Act ("FOIA"), his request must be directed to the federal agency that possesses the information sought. The FBI is subject to the Freedom of Information Act and a request for records may be presented to the agency. *See* 5 U.S.C. § 552(a). In the event the agency denies a proper request for records, Plaintiff may then file an action in this Court for relief. *See* 5 U.S.C. § 552(a)(4)(B). The FOIA Act has no applicability to this Court. Accordingly, the Complaint must be dismissed as frivolous.

      Plaintiff is reminded that under 28 U.S.C. §1915(g) he will not be granted *in forma pauperis* status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." The instant case will be the first filed by Plaintiff that has been dismissed as frivolous. A separate Order follows.

Date: 8/28/06                                                                                                  /s/  
                                                                            ROGER W. TITUS  
                                                            UNITED STATES DISTRICT JUDGE